In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2591

David S. Dahler,

Applicant,

v.

United States of America,

Respondent.

On Application for an Order Authorizing
a Second or Successive Petition for Collateral Review.

Submitted June 22, 2001--Decided July 17, 2001


   Before Cudahy, Posner, and Easterbrook,
Circuit Judges.

   Easterbrook, Circuit Judge.  David Dahler was convicted in 1995 of possessing firearms despite his status as a felon. This violated 18 U.S.C. sec. 922(g), which normally carries a maximum penalty of ten years' imprisonment. 18 U.S.C. sec. 924(a)(3). Because Dahler had at least three independent convictions for crimes of violence, however, sec. 924(e)(1) branded him an armed career criminal and raised the maximum sentence to life imprisonment, with a mandatory minimum of 15 years. See United States v. Jackson, 835 F.2d 1195, 1197 (7th Cir. 1987). The district judge sentenced Dahler to 276 months' (23 years') imprisonment. We affirmed in an unpublished order. United States v. Dahler, No. 95-3007 (7th Cir. May 31, 1996). Dahler then filed a collateral attack under 28 U.S.C. sec. 2255, contending among other things that a restoration of civil rights under state law removed one of his prior convictions from the list of those that had justified the recidivist enhancement. We agreed with this conclusion, vacated Dahler's sentence, and remanded so that the district court could determine whether Dahler's other convictions expose him to an enhanced penalty. Dahler v. United States, 143 F.3d 1084 (7th Cir. 1998). On remand the district court concluded that at least three prior convictions for

crimes of violence remain, and it reimposed the 276-month sentence. We affirmed, United States v. Dahler, 171 F.3d 441 (7th Cir. 1999), bringing to an end Dahler's first collateral attack.

Now he wants to commence a second. By application under sec. 2255 para. 8, Dahler asks us to authorize a new collateral attack on his sentence. See also 28 U.S.C. sec. 2244(b). Dahler's theory this time is that the due process clause of the fifth amendment, as understood in Apprendi v. New Jersey, 530 U.S. 466 (2000), requires a jury to determine beyond a reasonable doubt whether he has the record of convictions that renders him eligible for the armed career criminal enhancement. Before considering whether this meets the statutory standards for successive collateral litigation, we must decide whether we are the court authorized to apply those standards.

Prior appellate approval is required only for a "second or successive motion" under sec. 2255. Counting motions can be difficult. See Johnson v. United States, 196 F.3d 802 (7th Cir. 1999). Dahler has had one collateral attack--a countable challenge, as it was decided on the merits, see Burris v. Parke, 95 F.3d 465 (7th Cir. 1996) (en banc)--but is entitled to another to the extent he attacks a different conviction or sentence. One substantive chance per judgment is the norm under sec. 2255 para. 8 and sec. 2244(b). See Walker v. Roth, 133 F.3d 454 (7th Cir. 1997); In re Page, 170 F.3d 659 (7th Cir.), on rehearing, 179 F.3d 1024 (1999). Dahler has only one conviction for violating sec. 922(g), but he has been sentenced twice: once in 1995, and again in 1998 following our remand. Dahler received the same term of imprisonment, but it is clear in principle--and required by our holding in Walker--that he has one chance to wage a collateral attack (without needing appellate approval) challenging any constitutional errors made in that resentencing proceeding.

Yet Dahler does not want to present a constitutional objection to an error newly made in 1998. He seeks relief from sentencing as an armed career criminal, and the contention he now advances--that his eligibility for recidivist sentencing

should have been determined by a jury at his trial--is not something that was introduced by his resentencing in 1998. The choice between judge and jury (and between the preponderance and reasonable-doubt standards) was one made in 1995, and nothing changed between the sentencing in 1995 and the resentencing in 1998. The argument Dahler now seeks to present is one he could have raised at trial, on appeal from the 1995 sentence, in the district court on remand, and on the 1999 appeal from the decision on remand. Neither the language of sec. 2255 para. 8 nor the holding of Walker requires us to treat Dahler's proposed challenge as an initial collateral attack. Walker dealt only with a challenge to matters that occurred at resentencing; it did not address any claims that could have been raised before the resentencing.

United States v. Smith, 241 F.3d 546 (7th Cir. 2001), establishes that contentions arising from the trial and initial sentence must be raised as soon as possible. Smith was sentenced in 1992 and resentenced in 1997 following an amendment to the Sentencing Guidelines. He argued on appeal that the sentence should be cut still further in light of Apprendi because the jury had not determined the kind and weight of drugs he distributed. We looked straight through the resentencing in 1997--a proceeding that could not alter the allocation of responsibility between judge and jury at trial--to treat what was nominally an appeal from the 1997 sentence as a collateral attack on the 1992 conviction and sentence. After concluding that the issue had not been properly raised in 1992, we applied the cause-and-prejudice standard to what we deemed a collateral attack. Smith thus establishes that a belated challenge to events that precede a resentencing must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the latest sentence. By that standard this is Dahler's second collateral attack, for he could have raised, long before 1998, the contention he now seeks to present.

This distinction between challenges to events that are novel to the resentencing (and will be treated as initial collateral attacks) and events that predated the resentencing (and will be

treated as successive collateral attacks) has been adopted by every other circuit that has considered the subject. See, e.g., United States v. Barrett, 178 F.3d 34, 44-45 (1st Cir. 1999); Pratt v. United States, 129 F.3d 54, 61-62 (1st Cir. 1997); Esposito v. United States, 135 F.3d 111, 112-14 (2d Cir. 1997); In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999); Barapind v. Reno, 225 F.3d 1100, 1112 (9th Cir. 2000). These courts differ a little in phraseology. For example, Barrett said that a petition is not successive when it "challenges parts of the judgment that arose as the result of the success of an earlier petition", while Barapind stated that a collateral attack is not successive "to the extent that the petitioner challenges the amended portion of a judgment or sentence." But these come to the same thing, and we could not find any decision doubting that a collateral attack presenting an issue that predated and was unaffected by resentencing is a challenge to the original conviction and sentence. Dahler had a full collateral challenge to his conviction; his current argument that additional issues should have been tried to the jury back in 1995 therefore may be presented to the district court only with our assent.

Dahler's application does not meet the statutory standard for a second or successive collateral attack: "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. sec. 2255 para. 8(2). Almendarez-Torres v. United States, 523 U.S. 224 (1998), holds that maximum sentences may be enhanced on account of prior convictions without submitting to the jury any questions about the number or significance of those convictions. Apprendi did not overrule Almendarez-Torres; to the contrary, the Court expressed its holding this way: "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). We held accordingly in United States v. Skidmore, No. 00-2691 (7th Cir. June 19, 2001), slip op. 9-12, that an increase in the maximum penalty under sec. 924(e)(1) is compatible with Apprendi. No "new

rule" established since his last collateral attack assists Dahler, so we deny his application for permission to wage another.

One observation before we conclude. Dahler did not comply with Circuit Rule 22.2, which specifies the contents of an application under sec. 2255 para. 8 or sec. 2244(b). Instead of providing the information (including the attachments) required by Rule 22.2, Dahler filled out a form he received from his prison. This form states, among other things, that "[a]ll applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases." Apparently federal prisons across the country are distributing this form to inmates. Yet the Bureau of Prisons lacks authority to limit how prisoners present their claims, for the Executive Branch cannot prescribe rules of practice and procedure in the federal courts. We gather that the form is the work of the eleventh circuit. Prison officials apparently use white-out formula to delete the name of that court and photocopy the redacted form, whose printed caption then reads "United States Court of Appeals" (with blank space underneath to type the name of a circuit). By obliterating the name of the originating court and then handing out forms that profess to be compulsory, prisons are effectively directing all inmates, from every circuit, to use one form.

Prison administrators distributing this form to inmates who must file in circuits other than the eleventh are doing them, and the judges, a disservice. The amended document falsely tells prisoners from the seventh circuit that they must use the eleventh circuit's form--even though this leaves the prisoners out of compliance with Circuit Rule 22.2 and may lead to delay or denial of their applications. Instead of using a one-form-fits-all approach, prison librarians and other officials should help their wards find and comply with the appropriate local rules. We have furnished copies of Circuit Rule 22.2 to every prison in the circuit, and we are disappointed that, despite a request last year (by letter from the Clerk of this Court to the Warden), the federal prison at Oxford, Wisconsin, is continuing to distribute

the eleventh circuit's form, with its demand that prisoners use that form exclusively. We hope that wardens of federal prisons will find a way to avoid giving prisoners bad legal advice, without requiring this court to take additional steps to ensure that prisoners can enjoy their right of access to the judicial system. Cf. Hall v. Stone, 170 F.3d 706 (7th Cir. 1999).