**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hector RAZO, Defendant–Appellant.**

**No. 01–1342.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2001 *.

Decided Oct. 16, 2001.

———

Before Hon. WILLIAM J. BAUER, Hon. FRANK H. EASTERBROOK, Hon. TERENCE T. EVANS, Circuit Judges.

**ORDER**

Hector Razo, a Mexican citizen, pleaded guilty to being present in the United States without the express consent of the Attorney General after having been deported, 8 U.S.C. § 1326(a), and was sentenced to 57 months' imprisonment. Razo had been deported after serving a 60–month prison term for conspiracy to possess cocaine with intent to distribute, an aggravated felony. *See* 21 U.S.C. §§ 846, 841(a)(1); 8 U.S.C. § 1101(a)(43). As a result of his prior conviction he faced a maximum prison term of 20 years, rather than the two-year default maximum. *Compare* 8 U.S.C. § 1326(b)(2) *with id.* § 1326(a).

On appeal Razo maintains that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the prior conviction used to support the increased maximum was not charged in the indictment. The Supreme Court has held

---

* The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

otherwise; the recidivist enhancement found in § 1326(b)(2) is a sentencing factor, not an element of the offense, and there exists no constitutional requirement that it be treated as something more. *Almendarez–Torres v. United States,* 523 U.S. 224, 235–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Relying on *Apprendi,* Razo questions the continued validity of *Almendarez–Torres,* but as we have repeatedly stated, we do not read *Apprendi* as having overruled *Almendarez–Torres. See Dahler v. United States,* 259 F.3d 763, 765–66 (7th Cir.2001); *United States v. Skidmore,* 254 F.3d 635, 642 (7th Cir.2001); *United States v. Brough,* 243 F.3d 1078, 1081 (7th Cir.2001). Accordingly, we AFFIRM the judgment of the district court.