**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tracy CUNNINGHAM, Defendant–
Appellant.**

No. 02–1321.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2002.

Decided Nov. 25, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

During a traffic stop, Tracy Cunningham was found with a baggy containing crack cocaine. Cunningham pleaded guilty to possession of over 50 grams of cocaine base with intent to distribute, and was sentenced to 262 months' imprisonment. Cunningham's appointed counsel has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that he is unable to identify a nonfrivolous issue for appeal. Cunningham responded to counsel's motion, *see* Circuit Rule 51(b), and we confine our review of the record to the potential issues identified in counsel's facially adequate brief and Cunningham's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

■ Counsel first examines whether Cunningham, who entered a conditional guilty plea, could make a nonfrivolous argument that the district court erred in denying his motion to suppress the crack, which was seized from within his waistband during a traffic stop. In evaluating this potential claim, we would review the court's factual findings for clear error and would review de novo the existence of probable cause or reasonable suspicion based on those facts. *See Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). The district court denied Cunningham's motion because it concluded that the police officer's observation of a traffic violation constituted probable cause to stop the vehicle, and that the smell of unburnt marijuana coming from the car provided reasonable suspicion to investigate further. We agree with counsel that any challenge on this ground would be frivolous.

Counsel next asks whether Cunningham could challenge the validity of his plea agreement. He notes that Cunningham has indicated that he does not wish to withdraw his plea unless the district court's ruling on his suppression motion is reversed. And although Cunningham's response vaguely suggests a dissatisfaction with the plea agreement, he leaves the point undeveloped and fails to call into question the Rule 11 colloquy. Counsel accordingly does not further discuss the validity of Cunningham's plea, and we follow suit. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir.2002).

■ Counsel next considers whether Cunningham could challenge the court's application of the sentencing guidelines. Because Cunningham made no objections to the presentence report or at the sentence hearing, we would review such a challenge for plain error. *United States v. Wilson*, 134 F.3d 855, 869 (7th Cir.1998). Counsel notes that the district court's acceptance of the recommended factual findings was not clearly erroneous, that the drug quantity finding was based on the amount of drugs that Cunningham possessed when he was arrested, and that there was no dispute about the existence of the prior convictions that were used to increase his offense level. And although the court granted less of a downward departure than Cunningham requested, counsel observes that the extent of a downward departure, like a court's decision to forego departure altogether, is not reviewable on appeal. *United States v. Shaffer*, 993 F.2d 625, 628–29 (7th Cir. 1993). We agree with counsel that an appeal brought on any of these grounds would be frivolous.

Cunningham, too, suggests possible challenges to his sentencing. We conclude, however, that these challenges would be frivolous. First, Cunningham

proposes that the upward adjustment he received for two prior felony drug convictions was unconstitutional, because those convictions were not proven to a jury beyond a reasonable doubt. But we have repeatedly rejected this argument, as a defendant's prior convictions are not an element of the offense but rather a sentencing factor. *See, e.g., Dahler v. United States*, 259 F.3d 763, 765–66 (7th Cir.2001); *United States v. Brough*, 243 F.3d 1078, 1080–81 (7th Cir.2001). Cunningham also believes that the sentencing guidelines themselves are unconstitutional because they confer a properly legislative authority to the courts. But we rejected this argument in *United States v. Griffith*, 85 F.3d 284, 290–91 (7th Cir.1996). *See also Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

■ Next, Cunningham suggests that 21 U.S.C. § 841 is unconstitutional because Congress lacked authority under the Commerce Clause to enact it. But Cunningham's guilty plea reserved only his right to appeal the court's denial of his motion to suppress, and therefore waived any constitutional challenge based on the Commerce Clause. *See United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Bell*, 70 F.3d 495, 496 (7th Cir.1995). He also therefore waived his argument that, because the drug statute uses the term "cocaine base" rather than "crack cocaine," an unsophisticated reader might be unaware of the heightened penalties provided for crack-related crimes–a frivolous argument, in any event, as the statute and the guidelines are consistent with one another in their use of the phrase "cocaine base."

■ Cunningham's remaining arguments are also frivolous. He claims that his indictment was defective because it did not allege all the material elements of the crime. We are not certain what Cunningham believes was left out, but the indictment did in fact charge him with knowingly possessing more than 50 grams of a substance or mixture containing cocaine base with the intent to distribute, and nothing more is required under 21 U.S.C. § 841. Finally, Cunningham claims his counsel provided inadequate representation. But claims of ineffective assistance are generally not appropriate on direct appeal, and are better raised in a collateral attack because the record is often insufficient at this stage for a complete review. *See United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.