Robert R. KRILICH, Sr., Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 02–3161.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 6, 2002.*
Decided Dec. 31, 2002.

Before EASTERBROOK, RIPPLE, and EVANS, Circuit Judges.

### Order

Robert Krilich has been sentenced three times following his criminal convictions for bank fraud and operating an enterprise through a pattern of racketeering. The convictions have been affirmed, but the first two sentences were vacated, see 159 F.3d 1020 (1998), and 257 F.3d 689 (2001); the third is affirmed by an order issued today. Krilich sought collateral review of the first sentence. That petition was denied by the district court, and we declined to issue a certificate of appealability. Now we have Krilich's collateral attack on his second sentence. What significance this could have is unclear, given that the second sentence was vacated more than a year ago. But the district court denied this petition on the merits, and Krilich seeks a certificate of appealability.

The district court should not have entertained Krilich's request. It is his second collateral attack and therefore required this court's approval under 28 U.S.C. § 2255 ¶ 8. Krilich did not seek permission to file, and the argument he presents–that the court violated the Constitution's Ex Post Facto Clause by considering, when imposing sentence, the loss inflicted by his offenses–does not meet the statutory criteria for a second or successive collateral attack. Krilich's lawyers may believe that § 2255 ¶ 8 does not apply because he has been sentenced more than

once. But we held in *Dahler v. United States*, 259 F.3d 763 (7th Cir.2001), that resentencing resets the counter for purposes of § 2255 ¶ 8 only if the collateral attack concerns an issue that first arises at the resentencing. Krilich's argument, by contrast, has been in the case all along. His application for a certificate of appealability opens by saying that "[t]his is the eighth time the petitioner has attempted to have his ex post facto constitutional claim addressed by a federal court." It was raised on Krilich's initial appeal to this court, and it *was* resolved then. We did not discuss it, but we considered all arguments presented, and a court of appeals is not obliged to discuss weak contentions. So this collateral attack is Krilich's second, which does not have (and could not receive) approval under § 2255 ¶ 8.

The judgment of the district court is vacated, and the matter is remanded with instructions to dismiss for want of jurisdiction. See *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996).