In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3944

ALONZO SUGGS,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:09-cv-00775—**William D. Stiehl**, *Judge.*

ARGUED SEPTEMBER 13, 2012—DECIDED JANUARY 17, 2013

Before MANION, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal depends on a nuance of habeas corpus practice under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The specific issue is whether a second-in-time motion filed under 28 U.S.C. § 2255 is barred as "second or successive" when a prisoner has been resentenced pursuant to a successful first section 2255 motion, and the new motion challenges only the underlying conviction, not

the resentencing. The Supreme Court recently addressed a closely related but distinct question in *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788 (2010), holding that a petitioner's second challenge to his sentence under 28 U.S.C. § 2254 was not barred as "second or successive" when it (a) came after the petitioner had been resentenced because of a successful, initial section 2254 petition and (b) asserted a claim based only on the resentencing. The *Magwood* Court expressly declined to extend its holding to the situation we face here, where the second motion challenges the original conviction, not the new sentence. This circuit's precedent holds that the second motion here is barred as second or successive. *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001). We recognize that the reasoning in *Magwood* casts some doubt about the continued viability of *Dahler*. However, because *Magwood* explicitly limited its holding so as not to reach the situation we face here, we are not persuaded that we should overrule our precedent. Based on the authority of *Dahler*, we conclude that Suggs' motion is "second or successive" under section 2255, and we affirm the district court's dismissal for lack of jurisdiction.

I. *Factual and Procedural Background*

In 2001, Alonzo Suggs was convicted of conspiracy to possess cocaine with the intent to distribute and was sentenced to 300 months in prison. He challenged his conviction and sentence on nine grounds under 28 U.S.C. § 2255, which authorizes federal courts to vacate, set aside, or correct a federal prisoner's sentence. Suggs eventually

succeeded on one of those grounds — he received ineffective assistance of counsel regarding his sentencing guideline calculations. After a remand, the district court recalculated the guidelines and imposed a new sentence of 240 months.

After his resentencing, which occurred in 2009, eight years after his trial, Suggs obtained new information that he argues shows his innocence. A key witness against him has now recanted his testimony and claims that his first statement to law enforcement did not implicate Suggs. If that in fact happened, and if the first exculpatory statement was not disclosed to Suggs and his attorney as he claims, there could have been a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government agrees here that if this were Suggs' first section 2255 motion, the evidence he has presented would be enough to require at least an evidentiary hearing on the *Brady* claim.

The problem is that sections 2244(a) and 2255(h) sharply restrict a "second or successive" motion to narrow circumstances that do not apply here. Suggs requested permission from this court to bring a second challenge to his conviction because of his newly discovered evidence. See 28 U.S.C. § 2255(h). We denied his request, finding that his new evidence did "not come close to showing that no reasonable factfinder would have found him guilty as required for authorization." *Suggs v. United States*, No. 09-3070, Order (7th Cir. Aug. 27, 2009). Suggs then filed a new motion under section 2255 in the district court challenging his conviction based on the new evidence. Although this was literally his second

motion under section 2255, Suggs argued that it should not be barred as "second or successive" because his resentencing imposed a new judgment such that his new motion under section 2255 should not be barred. The district court disagreed and dismissed his motion based on *Dahler*, the controlling circuit precedent. Suggs now appeals the dismissal.

II. *Analysis*

We must determine whether Suggs' most recent motion counts as "second or successive" under section 2255 and thus should be barred under sections 2244 and 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review *de novo* the district court's determination of this question of law.

A. *Section 2255's Limits on Second or Successive Petitions*

Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. See 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. See 28 U.S.C. §§ 2244(a)-(b), 2255(h). The court of appeals may authorize a second or successive motion only if it presents either (1) newly discovered evidence that makes a clear and convincing showing of innocence or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction

to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

Not all literally subsequent motions, however, are "second or successive" within the meaning of the statutes, for the phrase is a term of art in the technical world of habeas procedure. See *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time . . . ."). For example, since AEDPA's earliest days, we have held that if a petitioner successfully challenges a sentence via one section 2255 motion and is resentenced, a later motion challenging the resentencing is not "second or successive." *Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997). Similarly, if an incompetency challenge to the death penalty is not ripe when a petitioner files the first application, the petitioner's second application once the challenge is ripe is not "second or successive." *Panetti*, 551 U.S. at 945 (petition raising incompetency challenge to death penalty as soon as the claim is ripe is not second or successive where it would not have been ripe at time of first petition); see also *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (construing petitioner's initial and subsequent applications raising an incompetency challenge to the death penalty as a single application so that later application was not "second or successive"). Or if a prisoner's first application is dismissed without a decision on the merits because of failure to exhaust state remedies and the prisoner files another application after exhausting state remedies, the application with newly exhausted claims is not "second or successive." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

B.  *The Meaning of "Second or Successive"*

This case turns on whether Suggs' motion filed after his resentencing is "second or successive" within the meaning of section 2255. If not, then Suggs does not need this court's certification under section 2255(h) for the district court to have jurisdiction to hear the motion. We have held that that such motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction. See *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001), which adopted as a holding what we had said in dicta in *Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997).

In *Magwood v. Patterson*, however, the Supreme Court held that a petition challenging a death sentence was not second or successive where the second petition followed a resentencing after a remand from a successful initial petition, even though the same challenge to the sentence also could have been made to the original sentence. 561 U.S. ___, 130 S. Ct. 2788 (2010). We conclude that because *Magwood* expressly declined to extend its holding to the facts before us here, it did not disturb our circuit's precedent, *Dahler*, which applies to Suggs' motion and required the district court to dismiss it as second or successive.[1]

---

[1] Although *Magwood* concerned a challenge to a state court judgment under 28 U.S.C. § 2254, the bar on second or successive challenges under section 2254 is parallel to the bar under section 2255. We therefore apply analysis and reasoning

(continued...)

In *Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997), we considered a petition filed after resentencing that challenged only aspects of the resentencing hearing. We held that such a petition was not second or successive. We reasoned that the petitioner could not have raised the issues he presented in the second petition in his initial petition because he challenged the "constitutionality of a proceeding which obviously occurred after he filed, and obtained relief, in his first habeas petition." We noted that his second petition did not challenge his original conviction, and we commented: "Of course, had Walker sought to challenge aspects of his conviction the district court would have been correct in dismissing his

---

[1] (...continued)

based on section 2254's treatment of second or successive petitions to section 2255. See *White v. United States*, 371 F.3d 900, 903 (7th Cir. 2004) ("Congress made parallel changes to §§ 2254 and 2255 to ensure that successive litigation would take place only under the most compelling of circumstances."); *Bennett v. United States*, 119 F.3d 470, 471 (7th Cir. 1997) (noting statutory language of section 2254 was "made applicable to section 2255 motions by the eighth paragraph of section 2255 [2255(h)]"); see also *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010). But see *Gonzalez v. Crosby*, 545 U.S. 524, 529 n.3 (2005) (limiting its analysis of Rule 60(b) to section 2254, not section 2255, noting the section governing second or successive applications under section 2255 "is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, [but] is not identical"). Here, unlike in *Gonzalez*, the Court did not expressly limit its reasoning to section 2254, so we do not either.

petition as successive." *Id.* at 455 & n.1, citing *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

In *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001), we faced exactly that situation. The prisoner successfully challenged his sentence through a section 2255 motion, was resentenced, and then attempted to raise another challenge to an error made in his initial conviction and sentencing. We explained that the prisoner in *Dahler*, unlike in *Walker*, was challenging not a new error made at the resentencing but a much earlier error that could have been challenged in several proceedings before the second motion — at trial, on direct appeal, or in his first section 2255 motion. We found that section 2255 distinguishes between "challenges to events that are novel to the resentencing" and "events that predated the resentencing," and that any challenge to an error preceding the resentencing "must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the last sentence." *Id.* at 765. We looked to what the motion actually challenged to determine whether a motion following a resentencing was "second or successive." If it alleged that errors occurred during the resentencing, it was not second or successive, but if it alleged that errors were made before the resentencing, then it was.

In *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788 (2010), the petitioner was convicted of murdering a sheriff and was sentenced to death in state court. He successfully challenged his sentence via a section 2254 petition, and the state court held a new full hearing on

his sentence and again sentenced him to death. He filed another section 2254 petition, arguing for the first time (in habeas proceedings) that his sentence was unconstitutional because he lacked fair warning that his murder of a sheriff was an aggravating factor sufficient to warrant the death penalty and that he received ineffective assistance by his counsel at the resentencing. 130 S. Ct. at 2792-96.

The Supreme Court found that the new petition was not "second or successive" for purposes of the statutory limits. The Court reasoned that whether an application was second or successive must be considered in reference to the judgment that was challenged: if there was a new judgment following the first application, that judgment created a clean slate. Treating the petitioner's resentencing as a new, intervening, judgment, the Court held that his new petition challenged the intervening judgment and therefore was not "second or successive." *Id*. at 2797-2801 ("This is Magwood's first application challenging that intervening judgment."). The Court emphasized, though, that the petition was the first petition challenging the new judgment and that the "errors [the petitioner] alleges are *new*," noting that "[a]n error made a second time is still a new error." *Id*. at 2801.

That reasoning could be understood to extend to a situation like this case, but the *Magwood* Court took pains to limit its holding. The State and the dissenting Justices in *Magwood* argued that the Court's holding would extend to cases like this one, where a post-resentencing petition challenges not the new sentence but only the

underlying conviction. See *id.* at 2802, 2808 (Kennedy, J., dissenting). The Court demurred:

> The State objects that our reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction. The State believes this result follows because a sentence and conviction form a single "judgment" for purposes of habeas review. This case gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction. We base our conclusion on the text, and that text is not altered by consequences the State speculates will follow in another case.

*Id.* at 2802-03 (footnotes omitted).

Thus, *Magwood* left open the question whether a motion following a resentencing is "second or successive" where it challenges the underlying conviction, not the resentencing. Suggs' case is distinct from the situation in *Magwood*, where the errors alleged in the second petition were "*new*." 130 S. Ct. at 2801. The petitioner in *Magwood* challenged an error made in the initial sentencing and again in the resentencing, leading the Court to observe that "[a]n error made a second time is still a new error." *Id.* at 2801. The same is not true here. Suggs does not claim that any errors, new or repeated, occurred in his resentencing.

Because the question before us is settled in our circuit and the Supreme Court considered the question but

expressly declined to answer it, we follow our circuit's precedents and hold that Suggs' motion is second or successive. Even if the Court's reasoning in *Magwood* could extend to the facts here, we believe it would be premature to depart from our precedent where the Court has not asked us to. *Magwood*'s application to these facts is not sufficiently clear for us to abandon principles of *stare decisis* based on what the Supreme Court itself called "speculation" about how the Court would rule on an issue it expressly chose not to decide.

We recognize that our reading of *Magwood* differs from the approach taken by other circuits. See, *e.g.*, *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012); *Johnson v. United States*; 623 F.3d 41 (2d Cir. 2010). Those circuits found *Magwood*'s teaching sufficiently clear to extend it to the circumstances before them. Here, however, where we have clear circuit precedent directing us otherwise, we do not find *Magwood*'s guidance to be clear enough to depart from our precedent.

In reaching this conclusion, it is relevant that other circuits' broader readings of *Magwood* have the odd effect of interpreting AEDPA to relax limits on successive claims beyond the pre-AEDPA standards. Under the pre-AEDPA doctrine of abuse of the writ, a prisoner in Suggs' position could have brought a challenge to his original conviction only if he could show either cause and prejudice or a fundamental miscarriage of justice. In *McCleskey v. Zant*, the Court laid out the standards that applied then for successive petitions: if the government objected to a prisoner's petition as an abuse of the writ, the failure

to raise the claim earlier would be excused only if the petitioner could show either that he had cause for failing to raise it and suffered prejudice therefrom, or that to deny the petition would be a fundamental miscarriage of justice. 499 U.S. 467, 493-95 (1991). Under the *Johnson* and *Wentzell* reading of *Magwood*, however, any prisoner who has successfully challenged his sentence can bring a new collateral challenge to his original conviction without making any showing of cause, prejudice, or a fundamental miscarriage of justice. This seems to us an unlikely result, given that AEDPA's text imposed new and tighter limits on successive petitions and that AEDPA was intended more broadly "to further the principles of comity, finality, and federalism." *Duncan v. Walker*, 533 U.S. 167, 178 (2001), quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000).

## *Conclusion*

Because Suggs' new motion challenges his underlying conviction, not his resentencing, the motion is successive to his first motion. We therefore AFFIRM the district court's dismissal for lack of jurisdiction.

SYKES, *Circuit Judge*, dissenting.  I respectfully dissent. The Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788 (2010), has displaced our decision in *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001). *Magwood* held that a second-in-time habeas petition under 28 U.S.C. § 2254 is not "second or successive" under 28 U.S.C. § 2244(b) if it challenges a new judgment entered after a successful § 2254 petition. 130 S. Ct. at 2796-97. This is so, the Court held, even if the claim asserted in the attack on the new judgment could have been raised in the first petition. *Id.* In *Dahler* we held that a habeas petition under 28 U.S.C. § 2255 challenging a new judgment must be treated as successive under § 2244(b) if it belatedly raises a claim of error that could have been made earlier. 259 F.3d at 765. That holding did not survive *Magwood*.

As my colleagues have explained, *Magwood* involved an Alabama prisoner on death row who won a new sentencing hearing on his first round of habeas review in federal court under § 2254. When the state court reimposed the death sentence, he returned to federal court on a new § 2254 petition. The question was whether the new petition qualified as a "second or successive" habeas application under § 2244(b) and was therefore subject to the strict limitations on successive collateral attacks imposed by that section.[1] The Supreme Court

---

[1] A "second or successive" collateral attack by a state or federal prisoner requires authorization from the court of appeals, *see*

(continued...)

focused on the text of §§ 2244(b) and 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and held that the new petition was not properly classified as second or successive.

The Court noted first that the limits imposed by § 2244(b) apply to "a 'habeas corpus application under § 2254,' that is, [to] an 'application for a writ of habeas corpus on behalf of a person in custody pursuant to *the judgment* of a State court.'" *Magwood*, 130 S. Ct. at 2797 (quoting 28 U.S.C. § 2254(b)(1) (emphasis in original)). The Court also observed that a habeas application "seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement." *Id.* (quotation marks omitted) (emphasis in original). Accordingly, based on the text of § 2254(b) and the nature of the relief it provides, the Court held that the phrase "second or successive" in § 2244(b) "must be interpreted with respect to the judgment challenged." *Id.*

---

[1] (...continued)
28 U.S.C. §§ 2244(a)-(b), 2255(h), and must meet the standards set by § 2244(b). As relevant here, § 2244(b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall be dismissed unless*" (1) it "relies on a new rule of constitutional law" made retroactive on collateral review; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and those facts would establish that "no reasonable factfinder would have found the applicant guilty." 28 U.S.C. § 2244(b)(2)(A), (B) (emphasis added).

So far *Dahler* and *Magwood* are consistent. In *Dahler* we addressed § 2244(b)'s limits on successive collateral attacks in the context of a habeas application by a federal prisoner who, like the state prisoner in *Magwood,* won a new sentencing hearing on his first round of habeas review under § 2255.[2] After resentencing the prisoner filed another § 2255 petition attacking the new judgment but raising a claim of error that he could have made in the first petition. As in *Magwood*, the question was whether the second petition was properly deemed "second or successive" under § 2244(b). We began by noting that "[o]ne substantive chance *per judgment* is the norm under § 2255 [] and § 2244(b)*." Dahler*, 259 F.3d at 764. *Magwood* confirmed this principle, although it did so in the context of a habeas petition by a state prisoner under § 2254. Thus, for both state *and* federal prisoners, it's now clear that a collateral attack is either initial or successive in relation to the *judgment* it challenges.

But *Magwood* specifically rejected a key aspect of *Dahler* that affects how the "one challenge per judgment" rule applies. In *Dahler* we distinguished "between challenges to events that are novel to the resentencing (and will be treated as initial collateral attacks) and events that

---

[2] As my colleagues have explained, *see* Majority Op. p. 6-7 n.1, although *Magwood* involved a § 2254 petition by a state prisoner, the limits imposed by § 2244 apply to § 2255 petitions by federal prisoners as well, *see* 28 U.S.C. §§ 2244(a), 2255(h), so the Supreme Court's interpretation of § 2244(b) applies here.

predate[] the resentencing (and will be treated as successive collateral attacks)." *Id.* at 765. Thus, under *Dahler* a first habeas petition attacking a new judgment will be deemed "initial" or "successive" based on the nature and genesis of the claims that it makes. In his § 2255 petition challenging the new judgment, Dahler raised an *Apprendi* error[3] that dated to his trial and original sentencing and could have been raised in his earlier § 2255 petition. We held that "a belated challenge to events that precede a resentencing must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the latest sentence." *Id.* In other words, when a subsequent habeas petition challenges an aspect of the new judgment that is simply a carryover from the previously challenged judgment, the court "look[s] straight through" the "nominal" new judgment and treats the petition as a successive collateral attack on the original judgment. *Id.*

*Magwood* specifically rejected the distinction we drew in *Dahler* between claims that are novel to the proceeding that produced the new judgment and claims that predate it. Instead, the Supreme Court applied the "one challenge per judgment" principle more formally, holding that when a prisoner wins a habeas writ and a new judgment is thereafter entered, his subsequent habeas application seeks relief *from the new judgment* and is categorically not second or successive. *Magwood,* 130 S. Ct. at 2800. Thus, "where . . . there is a new judgment

---

[3]  *See Apprendi v. New Jersey,* 530 U.S. 466 (2000).

intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 2802 (internal quotation marks and citation omitted).

Importantly here, the State had argued in *Magwood* that the prisoner's new habeas petition should be deemed successive because he raised a claim of error—lack of fair warning that his crime made him death eligible—that he could have raised in his first petition but did not. The State insisted that "although § 2244(b), as amended by AEDPA, applies the phrase 'second or successive' to 'application[s],' it 'is a claim-focused statute.'" *Id.* at 2796 (alteration in original). The Supreme Court rejected this interpretation, again emphasizing that a new *judgment* resets the habeas counter. *Id.* at 2801 ("This is Magwood's *first* application challenging th[e] intervening judgment." (emphasis in original)). The Court relied in part on the fact that the fair-notice error was necessarily embedded in the proceedings held on resentencing and therefore could be characterized as a "new error." *Id.* ("An error made a second time is still a new error."). But the repetition of the error was not the justification for the Court's decision, which rested instead on the text of §§ 2244(b) and 2254. The Court explained that the State's "claim-focused" interpretation "fail[ed] to distinguish between § 2244(b)'s threshold inquiry into whether an application is 'second or successive[]' and its subsequent inquiry into whether claims in a successive application must be dismissed." *Id.* at 2799.

It is true, as my colleagues have noted, that *Magwood* declined to address the precise question present here:

whether § 2244 "allow[s] a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting[], *new sentence,* but also his original, *undisturbed* conviction." *Id.* at 2802. The State had warned that "this result [would] follow[] because a sentence and conviction form a single 'judgment' for purposes of habeas review." *Id.* In response the Court said it had "no occasion to address that question[] because Magwood has not attempted to challenge his underlying conviction." *Id.* I understand this to be a reservation of the question, not a limitation on the Court's reasoning or its interpretation of § 2244(b). Indeed, in declining to address the question, the Court specifically reiterated that its holding was based on the text of §§ 2244(b) and 2254, and "that text is not altered by consequences the State speculates will follow in another case." *Id.* at 2802-03.

And as the Court reads that text, a habeas petition is deemed initial or successive by reference to the *judgment* it attacks—not which *component* of the judgment it attacks or the nature or genesis of the *claims* it raises. It is well understood that "[a] judgment of conviction includes *both* the adjudication of guilt and the sentence." *Deal v. United States*, 508 U.S. 129, 132 (1993) (emphasis added). Nothing in the Court's opinion suggests that the second-or-successive inquiry turns on which *part* of the judgment is challenged. Instead, the Court's reasoning was categorical: "[T]he existence of a new judgment is dispositive." *Magwood*, 130 S. Ct. at 2800. Accordingly, when a first habeas petition results in a new judgment, a subsequent habeas petition seeking relief from *that* judg-

ment is not second or successive under § 2244(b), and this is so regardless of whether it challenges the amended or unamended part of the judgment.

Other circuits agree. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012); *Johnson v. United States*, 623 F.3d 41, 45-46 (2d Cir. 2010) ("It follows [from *Magwood*] that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both."). In *Johnson* the Second Circuit expressly recognized that its circuit precedent, which interpreted § 2244(b) as we did in *Dahler*, could not be reconciled with *Magwood*. 623 F.3d at 42 (recognizing the partial abrogation of *Galtieri v. United States*, 128 F.3d 33 (2d Cir. 1997), in light of *Magwood*).[4]

---

[4] The Fifth Circuit split with the Second Circuit based on a different view of remedial practice specific to double-jeopardy claims. *See In re Lampton,* 667 F.3d 585, 589 (5th Cir. 2012). Both *Lampton* and the Second Circuit's decision in *Johnson v. United States,* 623 F.3d 41, 45-46 (2d Cir. 2010), involved defendants who asserted double-jeopardy claims in their first round of habeas review under 28 U.S.C. § 2255 and won. In each case the conviction and sentence on the duplicative count was vacated, leaving the conviction and sentence on the other count in place, and the prisoner subsequently filed a new § 2255 petition raising other claims. In *Lampton* the Fifth Circuit concluded that under these circumstances "there is no new, intervening judgment to trigger the operation of *Magwood*, and . . . Lampton's instant petition is 'second or successive'

(continued...)

Like the Second Circuit, I cannot reconcile our circuit precedent with *Magwood*. Unlike my colleagues, I'm satisfied that *Magwood*'s interpretation of § 2244(b) is clear enough to require a departure from circuit precedent that directly conflicts. *See* Majority Op. p. 11 ("Here, however, where we have clear circuit precedent directing us otherwise, we do not find *Magwood*'s guidance to be clear enough to depart from our precedent."). I would hold that *Magwood*'s interpretation of § 2244(b) has abrogated *Dahler*'s claims-based approach to the second-or-successive habeas inquiry.

Finally, a word about the concerns my colleagues raise regarding "comity, finality, and federalism" and "the odd

---

[4]  (...continued)

within the meaning of § 2255(h)." 667 F.3d at 589. In contrast, in *Johnson* the Second Circuit viewed the modified judgment as a new, amended judgment. Applying *Magwood*, the court held that the prisoner's § 2255 challenge to the amended judgment was not second or successive. *See id.* at 45-46.

In another nuance, the Tenth Circuit has held, albeit in an unpublished order, that *Magwood* is inapplicable when the court enters an amended judgment merely to correct a clerical error rather than as a result of "new proceedings." *In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010) ("In comparison [to *Magwood*], in this case there were no *new proceedings* resulting in a new judgment. Rather, the amended judgment merely corrected a clerical error . . . ." (emphasis added)). This, too, contrasts with the Second Circuit's approach to *Magwood* in *Johnson*, which involved an amended judgment to remedy a double-jeopardy violation but no formal resentencing or other "new proceeding."

effect of interpreting AEDPA to relax limits on successive claims beyond the pre-AEDPA standards." Majority Op. pp. 11-12. These concerns are valid, but they were raised and fully argued in *Magwood* itself, and indeed occupied much of the dissent. *See Magwood,* 130 S. Ct. at 2804-11 (Kennedy, J., dissenting). The Court was not persuaded.

Alonzo Suggs won a new sentencing hearing on his first § 2255 petition and after resentencing timely filed a § 2255 petition attacking the new judgment and raising a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Applying *Magwood,* the second petition is Suggs's first collateral challenge to the new judgment, not a second or successive collateral challenge to the original judgment. The government concedes that if the present petition is not properly classified as second or successive under § 2244(b), then Suggs has presented enough in his petition to require an evidentiary hearing. I would reverse and remand for further proceedings.