SYKES, Circuit Judge,
dissenting.
I respectfully dissent. The Supreme Court’s decision in Magwood v. Patterson, 561 U.S.-, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), has displaced our decision in Dahler v. United States, 259 F.3d 763 (7th Cir.2001). Magwood held that a second-in-time habeas petition under 28 U.S.C. § 2254 is not “second or successive” under 28 U.S.C. § 2244(b) if it challenges a new judgment entered after a successful § 2254 petition. 130 S.Ct. at 2796-97. This is so, the Court held, even if the claim asserted in the attack on the new judgment could have been raised in the first petition. Id. In Dahler we held that a habeas petition under 28 U.S.C. § 2255 challenging a new judgment must be treated as successive under § 2244(b) if it belatedly raises a claim of error that could have been made earlier. 259 F.3d at 765. That holding did not survive Magwood.
As my colleagues have explained, Mag-wood involved an Alabama prisoner on death row who won a new sentencing hearing on his first round of habeas review in federal court under § 2254. When the state court reimposed the death sentence, he returned to federal court on a new § 2254 petition. The question was whether the new petition qualified as a “second or successive” habeas application under § 2244(b) and was therefore subject to the strict limitations on successive collateral attacks imposed by that section.[1] The Su *286 preme Court focused on the text of §§ 2244(b) and 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), and held that the new petition was not properly classified as second or successive.
The Court noted first that the limits imposed by § 2244(b) apply to “a ‘habeas corpus application under § 2254,’ that is, [to] an ‘application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court.’ ” Magwood, 130 S.Ct. at 2797 (quoting 28 U.S.C. § 2254(b)(1) (emphasis in original)). The Court also observed that a habeas application “seeks invalidation (in whole or in part) of the judgment authorizing the prisoner’s confinement.” Id. (quotation marks omitted) (emphasis in original). Accordingly, based on the text of § 2254(b) and the nature of the relief it provides, the Court held that the phrase “second or successive” in § 2244(b) “must be interpreted with respect to the judgment challenged.” Id.
So far Dahler and Magwood are consistent. In Dahler we addressed § 2244(b)’s limits on successive collateral attacks in the context of a habeas application by a federal prisoner who, like the state prisoner in Magwood, won a new sentencing hearing on his first round of habeas review under § 2255.[2] After resentencing the prisoner filed another § 2255 petition attacking the new judgment but raising a claim of error that he could have made in the first petition. As in Magwood, the question was whether the second petition was properly deemed “second or successive” under § 2244(b). We began by noting that “[o]ne substantive chance per judgment is the norm under § 2255[ ] and § 2244(b).” Dahler, 259 F.3d at 764. Magwood confirmed this principle, although it did so in the context of a habeas petition by a state prisoner under § 2254. Thus, for both state and federal prisoners, it’s now clear that a collateral attack is either initial or successive in relation to the judgment it challenges.
But Magwood specifically rejected a key aspect of Dahler that affects how the “one challenge per judgment” rule applies. In Dahler we distinguished “between challenges to events that are novel to the resentencing (and will be treated as initial collateral attacks) and events that predate! ] the resentencing (and will be treated as successive collateral attacks).” Id. at 765. Thus, under Dahler a first habeas petition attacking a new judgment will be deemed “initial” or “successive” based on the nature and genesis of the claims that it makes. In his § 2255 petition challenging the new judgment, Dahler raised an Ap-prendi error[3] that dated to his trial and original sentencing and could have been raised in his earlier § 2255 petition. We *287 held that “a belated challenge to events that precede a resentencing must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the latest sentence.” Id. In other words, when a subsequent habeas petition challenges an aspect of the new judgment that is simply a carryover from the previously challenged judgment, the court “lookfs] straight through” the “nominal” new judgment and treats the petition as a successive collateral attack on the original judgment. Id.
Magwood specifically rejected the distinction we drew in Dahler between claims that are novel to the proceeding that produced the new judgment and claims that predate it. Instead, the Supreme Court applied the “one challenge per judgment” principle more formally, holding that when a prisoner wins a habeas writ and a new judgment is thereafter entered, his subsequent habeas application seeks relief from the new judgment and is categorically not second or successive. Magwood, 130 S.Ct. at 2800. Thus, “where ... there is a new judgment .intervening between the two ha-beas petitions, an application challenging the resulting new judgment is not ‘second or successive’ at all.” Id. at 2802 (internal quotation marks and citation omitted).
Importantly here, the State had argued in Magwood that the prisoner’s new habe-as petition should be deemed successive because he raised a claim of error—lack of fair warning that his crime made him death eligible—that he could have raised in his first petition but did not. The State insisted that “although § 2244(b), as amended by AEDPA, applies the phrase ‘second or successive’ to ‘application[s],’ it ‘is a claim-focused statute.’ ” Id. at 2796 (alteration in original). The Supreme Court rejected this interpretation, again emphasizing that a new judgment resets the habeas counter. Id. at 2801 (“This is Magwood’s first application challenging th[e] intervening judgment.” (emphasis in original)). The Court relied in part on the fact that the fair-notice error was necessarily embedded in the proceedings held on resentencing and therefore could be characterized as a “new error.” Id. (“An error made a second time is still a new error.”). But the repetition of the error was not the justification for the Court’s decision, which rested instead on the text of §§ 2244(b) and 2254. The Court explained that the State’s “claim-focused” interpretation “fail[ed] to distinguish between § 2244(b)’s threshold inquiry into whether an application is ‘second or successive! ]’ and its subsequent inquiry into whether claims in a successive application must be dismissed.” Id. at 2799.
It is true, as my colleagues have noted, that Magwood declined to address the precise question present here: whether § 2244 “allow[s] a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting! ], new sentence, but also his original, undisturbed conviction.” Id. at 2802. The State had warned that “this result [would] follow! ] because a sentence and conviction form a single ‘judgment’ for purposes of habeas review.” Id. In response the Court said it had “no occasion to address that question!] because Mag-wood has not attempted to challenge his underlying conviction.” Id. I understand this to be a reservation of the question, not a limitation on the Court’s reasoning or its interpretation of § 2244(b). Indeed, in declining to address the question, the Court specifically reiterated that its holding was based on the text of §§ 2244(b) and 2254, and “that text is not altered by consequences the State speculates will follow in another case.” Id. at 2802-03.
And as the Court reads that text, a habeas petition is deemed initial or succes *288 sive by reference to the judgment it attacks—not which component of the judgment it attacks or the nature or genesis of the claims it raises. It is well understood that “[a] judgment of conviction includes both the adjudication of guilt and the sentence.” Deal v. United States, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) (emphasis added). Nothing in the Court’s opinion suggests that the second- or-successive inquiry turns on which part of the judgment is challenged. Instead, the Court’s reasoning was categorical: “[T]he existence of a new judgment is dis-positive.” Magwood, 130 S.Ct. at 2800. Accordingly, when a first habeas petition results in a new judgment, a subsequent habeas petition seeking relief from that judgment is not second or successive under § 2244(b), and this is so regardless of whether it challenges the amended or unamended part of the judgment.
Other circuits agree. See Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir.2012); Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir.2010) (“It follows [from Mag-wood] that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.”). In Johnson the Second Circuit expressly recognized that its circuit precedent, which interpreted § 2244(b) as we did in Dahler, could not be reconciled with Magwood. 623 F.3d at 42 (recognizing the partial abrogation of Galtieri v. United States, 128 F.3d 33 (2d Cir.1997), in light of Magwood ).[4]
Like the Second Circuit, I cannot reconcile our circuit precedent with Magwood. Unlike my colleagues, I’m satisfied that Magwood's interpretation of § 2244(b) is clear enough to require a departure from circuit precedent that directly conflicts. See Majority Op. p. 285 (“Here, however, where we have clear circuit precedent directing us otherwise, we do not find Mag-wood ’s guidance to be clear enough to depart from our precedent.”). I would hold that Magwood’s interpretation of § 2244(b) has abrogated Dahler’s claims-based approach to the second-or-successive habeas inquiry.
Finally, a word about the concerns my colleagues raise regarding “comity, finali *289 ty, and federalism” and “the odd effect of interpreting AEDPA to relax limits on successive claims beyond the pre-AEDPA standards.” Majority Op. p. 285. These concerns are valid, but they were raised and fully argued in Magwood itself, and indeed occupied much of the dissent. See Magwood, 130 S.Ct. at 2804-11 (Kennedy, J., dissenting). The Court was not persuaded.
Alonzo Suggs won a new sentencing hearing on his first § 2255 petition and after resentencing timely filed a § 2255 petition attacking the new judgment and raising a claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Applying Magwood, the second petition is Suggs’s first collateral challenge to the new judgment, not a second or successive collateral challenge to the original judgment. The government concedes that if the present petition is not properly classified as second or successive under § 2244(b), then Suggs has presented enough in his petition to require an eviden-tiary hearing. I would reverse and remand for further proceedings.

. A "second or successive” collateral attack by a state or federal prisoner requires author *286 ization from the court of appeals, see 28 U.S.C. §§ 2244(a)-(b), 2255(h), and must meet the standards set by § 2244(b). As relevant here, § 2244(b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless " (1) it “relies on a new rule of constitutional law” made retroactive on collateral review; or (2) “the factual predicate for the claim could not have been discovered previously through the exercise of due diligence” and those facts would establish that "no reasonable factfinder would have found the applicant guilty.” 28 U.S.C. § 2244(b)(2)(A), (B) (emphasis added).

. As my colleagues have explained, see Majority Op. p. 283 n. 1, although Magwood involved a § 2254 petition by a state prisoner, the limits imposed by § 2244 apply to § 2255 petitions by federal prisoners as well, see 28 U.S.C. §§ 2244(a), 2255(h), so the Supreme Court's interpretation of § 2244(b) applies here.

. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. The Fifth Circuit split with the Second Circuit based on a different view of remedial practice specific to double-jeopardy claims. See In re Lampton, 667 F.3d 585, 589 (5th Cir.2012). Both Lampton and the Second Circuit's decision in Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir.2010), involved defendants who asserted double-jeopardy claims in their first round of habeas review under 28 U.S.C. § 2255 and won. In each case the conviction and sentence on the dupli-cative count was vacated, leaving the conviction and sentence on the other count in place, and the prisoner subsequently filed a new § 2255 petition raising other claims. In Lampton the Fifth Circuit concluded that under these circumstances "there is no new, intervening judgment to trigger the operation of Magwood, and ... Lampton's instant petition is 'second or successive' within the meaning of § 2255(h)." 667 F.3d at 589. In contrast, in Johnson the Second Circuit viewed the modified judgment as a new, amended judgment. Applying Magwood, the court held that the prisoner's § 2255 challenge to the amended judgment was not second or successive. See id. at 45-46.
In another nuance, the Tenth Circuit has held, albeit in an unpublished order, that Magwood is inapplicable when the court enters an amended judgment merely to correct a clerical error rather than as a result of “new proceedings.” In re Martin, 398 Fed.Appx. 326, 327 (10th Cir.2010) ("In comparison [to Magwood ], in this case there were no new proceedings resulting in a new judgment. Rather, the amended judgment merely corrected a clerical error....” (emphasis added)). This, too, contrasts with the Second Circuit’s approach to Magwood in Johnson, which involved an amended judgment to remedy a double-jeopardy violation but no formal resentencing or other "new proceeding."