PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1993

———————

STEVEN L. ROMANSKY,

Appellant

v.

SUPERINTENDENT GREENE SCI;
THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA; DISTRICT ATTORNEY OF PIKE
COUNTY, PENNSYLVANIA

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-09-cv-01472)
District Judge: Honorable Sylvia H. Rambo

———————

Argued March 6, 2019

Before: SMITH, <u>Chief Judge</u>, AMBRO,
and RESTREPO, <u>Circuit Judges</u>

(Opinion filed: August 8, 2019)

Ronnie J. Fischer (Argued)
Bugaj Fisher, P.C.
P.O. Box 390
308 Ninth Street
Honesdale, PA  18431

      Counsel for Appellant

Josh Shapiro
Attorney General
Jennifer C. Selber
Executive Deputy Attorney General
James P. Barker (Argued)
Chief Deputy Attorney General
Office of Attorney General
Criminal Law Division
Appeals & Legal Service Section
Strawberry Square, 16th Floor
Harrisburg, PA  17120

Kelly M. Sekula
Office of Attorney General of Pennsylvania
1000 Madison Avenue, Suite 310
Norristown, PA  19403

      Counsel for Appellees

———————————

OPINION  OF  THE  COURT

———————————

AMBRO, <u>Circuit Judge</u>

A long time ago a Pennsylvania jury convicted Steven L. Romansky of car theft-related crimes. Over the decades his case wound its way through the Pennsylvania courts and eventually generated this federal *habeas corpus* petition in the Middle District of Pennsylvania. The District Court denied Romansky's lengthy, multifaceted petition in full and declined to grant a certificate of appealability. We did grant a certificate of appealability as to two claims related to an alleged discrepancy between the charging documents and the jury instructions at Romansky's trial over three decades past. But because we conclude that this petition is not timely as to the undisturbed events at that first trial, and are unpersuaded by his other claims, we affirm.

## I. Background

One Pennsylvania court described this case as a "procedural quagmire." We have no quibble with that portrayal.

Steven Romansky came under suspicion in 1985 for his involvement in an auto theft ring in northeastern Pennsylvania. The Commonwealth convened an investigative grand jury, and in May 1985 it issued Presentment No. 33. The Presentment recommended charges against Romansky, among others, that included receiving stolen property under 18 Pa.C.S.A. § 3925, conspiracy under 18 Pa.C.S.A. § 903, removal or falsification of identification numbers under 75 Pa.C.S.A. § 7102(b), dealing in vehicles with removed or falsified numbers under 75 Pa.C.S.A. § 7103(b), dealing in titles and plates for stolen vehicles under 75 Pa.C.S.A. § 7111, and false application for certificate of title or registration under 75 Pa.C.S.A. § 7121. (The presentment stated that it recommended bringing charges "including, but not limited to[,] the listed offenses.") In late

3

August 1985 the Commonwealth filed a criminal complaint leveling the same slate of charges against Romansky. They included three counts of each offense (except false application for certificate of title or registration), with each count pertaining to a different vehicle: a 1977 Pontiac Trans-Am Firebird, a 1979 Ford Bronco, and a 1977 GMC truck.

As the proceedings continued, the substantive offenses remained intact, but the conspiracy charges changed. At a preliminary hearing in September 1985, two of the three conspiracy counts were dismissed, and notes from the hearing indicate that the remaining count—dealing with the Pontiac—was amended to conspiracy to receive stolen property. In December 1985, however, a criminal information formally charged Romansky with conspiracy to commit dealing in vehicles with removed or falsified identification numbers and/or theft. This information was the operative charging document at the time of trial.

In May 1987 the case proceeded to trial on the conspiracy charge for the Pontiac and on the substantive charges for all three cars. The jury acquitted Romanksy as to each charge relating to the GMC truck, but convicted on most others dealing with the Pontiac and the Bronco. Importantly for our purposes, he was convicted on the conspiracy charge, which the jury instructions described as "conspiracy to deal in vehicles with removed or falsified numbers and/or theft." In explaining the elements of this charge, however, the trial judge omitted the "and/or theft" component and stated only that the jury had to find that the defendant entered into an agreement with others to deal in vehicles with removed or falsified numbers. The verdict form indicated only that the jury found Romansky guilty of "conspiracy" with no elaboration.

Romansky's sentence in 1987 was 9 to 18 years' total incarceration, including 2 to 4 years on the conspiracy charge.

He appealed in state court, unsuccessfully, and then brought a state post-conviction claim. Among other things, he alleged that the evidence was insufficient to show conspiracy to deal in vehicles with removed or falsified numbers; and in responding to this argument the Commonwealth noted that the charge had been changed to conspiracy to receive stolen property.

Ten years after the trial, the Pennsylvania Superior Court ultimately ruled that the Commonwealth had unlawfully used false testimony and therefore vacated Romansky's convictions as to the Bronco, but *not* as to the Pontiac—and therefore not including the conspiracy charge as to the latter. Romansky was retried on the vacated charges in January 2000, again resulting in conviction on all of those counts. Two months later he received the same sentence on each of the counts as in 1987—9 to 18 years in total, including 2 to 4 years on the conspiracy charge. Romansky later testified that he mentioned the discrepancy about the conspiracy charge to his counsel prior to his resentencing, and then asked to file a motion on the issue after the sentencing, but that his counsel did not raise the issue at any time.

After resentencing, Romansky filed another direct appeal, and the Superior Court affirmed in June 2001. He did not seek allowance of appeal from the Pennsylvania Supreme Court. Instead, he filed another state post-conviction petition in April 2001, while his direct appeal was still pending, as well as several addenda to the petition in April a year later. The post-conviction court dismissed the petition in June 2002, but the Superior Court vacated that order in September 2003, remanding with instructions to allow Romansky's newly appointed counsel to review the petition and file an amended version. His counsel ultimately filed that amendment in August 2008, but it was dismissed in July 2010, and again the Superior Court reversed in part.

5

The Court of Common Pleas appointed new counsel for Romansky, and immediately she engaged in a flurry of activity that included a Motion to Vacate Illegal Sentence as to the conspiracy charge. At oral argument on this motion, the Commonwealth's lawyer conceded that the jury was instructed on the wrong charge and thus did not oppose the motion. Yet the Court denied it, and in October 2013 denied all of Romansky's post-conviction claims. This time the Superior Court affirmed, and the Commonwealth Supreme Court denied allowance of appeal in February 2015.

In the meantime, Romansky had filed a federal *habeas* petition before the District Court for the Middle District of Pennsylvania, which was held in abeyance while he proceeded to exhaust his state-court remedies. Once this was done and the federal petition litigated, the District Court denied Romansky's claims in full in a March 2017 order and denied a certificate of appealability. *See Romansky v. Folino*, 2017 WL 810689 (M.D. Pa. 2017). A panel of our Court granted a certificate for two of the many issues raised in the petition: whether Romansky was convicted and sentenced for a crime with which he had not been charged—"conspiracy to deal in vehicles with falsified identification numbers and/or theft" instead of "conspiracy to receive stolen property"—and whether his lawyer during the 2000 resentencing had been ineffective for failing to raise this issue. We also asked the parties to address whether the first claim is timely under *Magwood v. Patterson*, 561 U.S. 320 (2010). Additionally, Romansky asks us to expand the certificate of appealability to include whether his prosecution for charges not identified in Presentment No. 33 violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).

Because this is a *habeas* petition brought by a prisoner in state custody,[1] the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, applies. Thus we cannot grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d). Because the District Court did not hold an evidentiary hearing, we review its decision *de novo*. *Thomas v. Horn*, 570 F.3d 105, 113 (3d Cir. 2009).

## III. Analysis

### A. We Decline to Expand the Certificate of Appealability.

Romansky asks us to expand the certificate of appealability to include the contention that his prosecution and trial for crimes not charged in Presentment No. 33 violated his constitutional rights. 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability shall issue only where "the applicant has made a substantial showing of the denial of a constitutional right." This means "showing that reasonable jurists could debate whether (or, for that matter, agree that) the

---

[1] Believe it or not, Romansky is still in custody.

petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, 893 n.4 (1983)). But jurists of reason could not debate whether Romansky's constitutional claim is valid for the simple reason that the Fifth Amendment right to indictment by a grand jury has not been incorporated into the Fourteenth Amendment's guarantee of due process. *Hurtado v. California*, 110 U.S. 516 (1884).

Romansky argues that, once a state chooses to adopt a grand jury system, it is bound by all the requirements of the Grand Jury Clause of the federal Constitution, including the rule of *Stirone v. United States*, 361 U.S. 212 (1960), that an indictment cannot be amended or enlarged except by a grand jury. Although creative, this argument is not supported by any authority and is inconsistent with *Hurtado*. The reasoning of *Stirone* depends on the fact that, in the federal system, no one may be tried for a crime except as charged by a grand jury. Naturally, then, an indictment cannot be modified at trial to include new crimes without going back to the grand jury. But state governments, including the Commonwealth of Pennsylvania, are under no obligation to charge through a grand jury, and there is nothing offensive about trying a defendant for crimes some of which were charged by a grand jury and some of which were not.

Romansky also seeks an expanded certificate of appealability for his claim that the Commonwealth violated his right under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding Presentment No. 33 from him until well after his 1987 trial—indeed, until after his 2000 retrial. The District Court considered this contention at length in denying it, *see Romansky*, 2017 WL 810689, at *19–25, and we conclude that jurists of reason would not debate whether it was correctly resolved.

8

Thus we decline to expand the certificate of appealability to include either of these issues.

### B. Romansky's Petition is Not Timely As To the 1987 Trial.

Romansky's main claim before us is that his due process rights were violated when he was tried for a crime different from the one charged. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." And the Supreme Court has held that "[c]onviction upon a charge not made would be sheer denial of due process." *De Jonge v. Oregon*, 299 U.S. 353, 362 (1937); *see Cole v. Arkansas*, 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.").

This claim concerns the events surrounding Romansky's first trial in 1987, and so before we can address the merits of his argument we must first decide whether his *habeas* petition was timely filed as to the undisturbed conspiracy conviction in the 1987 trial. 28 U.S.C. § 2244(d) states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This limitations period begins running from any of several dates identified in the statute; the relevant one for our purposes is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). This restriction on *habeas* actions was adopted by AEDPA in 1996, and so, for cases where final judgment had already been entered before AEDPA was

9

adopted, the limitations period began on AEDPA's effective date and expired on April 23, 1997. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). The statute also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Because Romansky's post-conviction claim as to his 1987 trial was not resolved until November 1997, the limitations period would have expired one year later, in November 1998.

This petition was not filed until 2009, yet Romansky argues it is nonetheless timely as to the 1987 conspiracy conviction because of his retrial and resentencing in 2000 on other, previously vacated, convictions. The Commonwealth does not dispute that the petition is timely as to the 2000 trial: Romansky's state post-conviction motions were filed less than one year after his time for seeking appeal in the Pennsylvania Supreme Court had expired, and his federal petition was filed while the state post-conviction proceedings were still ongoing. But Romansky claims that the 2000 resentencing for non-conspiracy convictions in effect reset the clock for any claims pertaining to the 1987 trial, and invokes *Magwood*, 561 U.S. at 342, in support of this claim. We disagree, and therefore conclude that any claims pertaining to Romansky's first trial are not properly a part of his current *habeas* petition.

*Magwood* concerned a separate requirement of the AEDPA *habeas* rules, specifically the limits on "second or successive" petitions. *See* 28 U.S.C. § 2244(b). There a death row inmate had filed one federal *habeas* petition attacking his sentence and been afforded relief. After resentencing he filed another federal petition; the State of Alabama argued that this was a "second or successive" petition and that, because he could have challenged his initial sentence on similar grounds,

10

his claims must be dismissed.  The Supreme Court disagreed, reasoning that Magwood "challenge[d] a new judgment for the first time."  561 U.S. at 324.  It rejected Alabama's "claim-based" view of the "second or successive" rule, instead adopting a "judgment-based" rule.  *Id.* at 331.

The Court expressly left open, however, whether "a petitioner who obtains a conditional writ as to his sentence [can] file a subsequent application challenging not only his resulting, *new* sentence but also his original, *undisturbed* conviction."  *Id.* at 342 (emphases in original).  "The State believe[d] this result follows because a sentence and conviction form a single 'judgment' for purposes of habeas review," but the Court held the case "gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction."  *Id.*

The Circuits have split on this question, with the Second, Fourth, Sixth, Ninth, and Eleventh Circuits all concluding that a petition after resentencing challenging an undisturbed conviction is not "second or successive."  For these courts, the new sentence acts as a new judgment and thus provides a reset window to challenge the underlying conviction even if it was never disturbed.  *See Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010); *In re Gray*, 850 F.3d 139, 141–42 (4th Cir. 2017); *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015); *Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012); *Insignares v. Sec'y, Fla. Dep't of Corrections*, 755 F.3d 1273, 1281 (11th Cir. 2014) (*per curiam*).[2]  Two Circuits

---

[2] Additionally, the Fifth Circuit has taken a more nuanced position.  *See In re Lampton*, 667 F.3d 585, 588–89 (5th Cir. 2012).  There, it seemed to acknowledge that, under *Magwood*, a petition would not be second or successive if a new sentence has been imposed for an undisturbed conviction.  But because

have gone the other way. The Seventh Circuit reasoned that its pre-*Magwood* precedent to the contrary was not disturbed, as *Magwood* expressly declined to address the issue. *Suggs v. United States*, 705 F.3d 279, 282–83 (7th Cir. 2013). The Tenth Circuit relied on pre-*Magwood* precedent from our Circuit without mentioning *Magwood*. *Prendergast v. Clements*, 699 F.3d 1182, 1186–88 (10th Cir. 2012) (*citing Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004)).

Romansky urges us to adopt the majority view and hold that his resentencing in 2000 formed a new judgment as to the undisturbed convictions from the 1987 trial. If so, his current *habeas* petition is timely as to the events of that trial. But the question we have is slightly different from the one left open in *Magwood*. There the issue was whether, when a defendant is resentenced on a given charge (such as capital murder), the new judgment includes the underlying conviction as well as the sentence. Here it is whether, where some but not all counts of conviction are disturbed on appeal or in post-conviction proceedings, the defendant's eventual resentencing is a new judgment as to the undisturbed counts of conviction.

---

Lampton's prior petition, successfully challenging one of his convictions under the Double Jeopardy Clause, had merely resulted in having that conviction vacated with no change in the sentence for any other count of conviction, the Court held that there had been no such intervening judgment. Thus it appears that the Fifth Circuit largely agrees with the majority rule, although it may take a narrower view of when a new judgment has been imposed than, for example, the Second Circuit in *Johnson*, 623 F.3d at 45–46 (finding that an amended judgment had been entered on all counts of conviction in essentially identical circumstances to *Lampton*).

12

We conclude the answer is no. The sentence imposed in 2000 after retrial was not a new judgment on the undisturbed counts of conviction. This is plain from considering a counterfactual (that is, hypothetical) in which Romansky was acquitted on all charges during the retrial for the vacated counts. In that case there would have been no new sentence: instead he would simply have continued serving out his sentence on the undisturbed counts. Romansky conceded at oral argument that in this scenario the time limits for filing his federal *habeas* petition would not have been reset in 2000. If an acquittal at retrial would not change the undisturbed conviction, Romansky's argument that a conviction should have such an effect is illogical.

Nor did the 2000 sentencing order impose a new sentence as to the undisturbed counts. Instead it imposed sentences for the charges on retrial, and then stated that they would "run consecutively to the sentence imposed on [the undisturbed counts] on December 17, 1987." Potentially the result could be different in a court system using the "sentencing package" doctrine, where a trial court will undertake a *de novo* resentencing as to all counts of conviction if any count is vacated on appeal, under the theory that the sentencing judge would "craft a disposition in which the sentences on the various counts form part of an overall plan." *United States v. Miller*, 594 F.3d 172, 180 (3d Cir. 2010) (quoting *United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997)). In that case the resentencing might constitute a new judgment as to every count of conviction, at least if we were to follow the majority approach to the open question in *Magwood*. Here, however, the Pennsylvania counts imposed separate sentences for each count and conducted only a "limited" resentencing after the retrial. *See Miller*, 594 F.3d at 179–80 (explaining the concept of "limited resentencing").

13

In summary, we conclude that Romansky's *habeas* petition was not timely as to the conspiracy conviction at his 1987 trial because the petition was not filed within one year of the conclusion of his state post-conviction process and because the 2000 resentencing did not impose a new judgment as to the undisturbed counts of conviction (including the conspiracy charge). Accordingly, we affirm the District Court's dismissal of Romansky's claim that he was denied due process by the purported discrepancy between the charging documents and the jury instructions as to the nature of the conspiracy charge against him.

### C. Romansky Was Not Denied the Effective Assistance of Counsel.

Romansky also asserts he was denied the effective assistance of counsel when his lawyer during the 2000 retrial and resentencing refused to raise the issue of the 1987 conspiracy-charge discrepancy despite repeated requests that he do so. Because this pertains to events in 2000, it is undoubtedly timely. We nonetheless conclude that Romansky is not entitled to *habeas* relief on this claim.

To prevail on a claim of ineffective assistance, a defendant must show (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires a showing that "counsel's performance . . . fell below an objective standard of reasonableness;" the second requires demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (quoting *Strickland*, 466 U.S. at 688, 694). To award Romansky relief on his ineffectiveness claim, we would need to conclude that his lawyer behaved unreasonably by failing to raise this issue at the time of the resentencing and that, had he done so,

14

Romansky likely would have obtained relief (or at least that this was reasonably possible).

Here, Romansky's ineffectiveness claim fails because the conspiracy charge was not at issue during the 2000 retrial, but only those counts of conviction the Superior Court had vacated in 1997. There was no basis for Romansky's counsel to raise any argument related to that conviction during the retrial. Moreover, we doubt Romansky would have been afforded any relief had he done so. Thus his counsel was not ineffective for failing to raise the issue, and in any event that failure may not have prejudiced Romansky.

To the extent he claims that his counsel during the retrial was ineffective for failing to file a post-conviction claim on his behalf challenging the conspiracy conviction, it is well established that the Sixth Amendment right to counsel does not extend to post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). Rather it extends only to trial and "to the first appeal of right." *Id.* at 555. This claim of ineffective assistance would therefore fail as a threshold matter, as Romansky had no constitutional right to the assistance of counsel in filing such a collateral attack on his conspiracy conviction.

## IV. Conclusion

Though the history of this case is lengthy and convoluted, the question before us is ultimately quite simple. Romansky was convicted in 1987 and, after some but not all counts of conviction were vacated, retried and again convicted on those counts in 2000. Romansky now believes he has found an error in the 1987 trial regarding the conspiracy charge that was never vacated. So did the retrial and resentencing in 2000 gave him another bite at the apple to raise this issue in a federal *habeas* petition? We think not. The new sentence imposed in

15

2000 was not a new judgment on the undisturbed counts of conviction from the 1987 trial. Therefore, neither *Magwood* nor any of its possible implications apply to our case.

Accordingly, Romansky's principal claim—that he was deprived of due process by the discrepancy between the conspiracy charge as described in the charging documents and the charge as presented to the jury—is not properly before us because his *habeas* petition was not timely filed as to events pertaining to his 1987 trial. His ancillary claim of ineffective assistance fails because the conspiracy conviction was not at issue during the 2000 retrial. And his request that we expand our certificate of appealability fails, as his claim under the Grand Jury Clause is foreclosed by Supreme Court precedent from the Nineteenth Century and he has not made a substantial showing as to his *Brady* claim.

Thus we affirm.