**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2044
_____

RONALD MORGAN,
Appellant

v.

WARDEN BUTLER COUNTY PRISON;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
DISTRICT ATTORNEY OF BUTLER COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:19-cv-01047)
U.S. District Judge: Honorable Arthur J. Schwab
_____

Argued July 6, 2022


Before:  SHWARTZ, KRAUSE and ROTH, *Circuit Judges*


(Opinion Filed: September 6, 2022)


Michael H. McGinley
Tiffany Engsell
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

Tristan Lim [**ARGUED**]
University of Pennsylvania School of Law

3400 Chestnut Street
Philadelphia, PA 19104
    *Attorneys for Ronald Morgan*

Mark A. Lope [**ARGUED**]
Butler County Office of District Attorney
P.O. Box 1208
Butler, PA 16003
    *Attorney for Butler County District Attorney's Office, Warden of Butler County
    Jail, Attorney General of Pennsylvania*

————————

OPINION[*]

————————

**KRAUSE**, *Circuit Judge*.

Ronald Morgan appeals the order of the United States District Court for the

Western District of Pennsylvania dismissing his petition for a writ of habeas corpus under

28 U.S.C. § 2254.  **JA 2, 16-17.**  Because his filing of that petition was premature, we

will affirm the District Court's dismissal for lack of jurisdiction.

**I.    DISCUSSION**[1]

The District Court in this case dismissed Morgan's petition on the ground that it

was "filed prematurely" because he was still in the process of a direct state court appeal

————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] While the District Court concluded that it could not consider Morgan's habeas petition
because it was filed prematurely, "it is familiar law that a federal court always has
jurisdiction to determine its own jurisdiction," so it properly exercised jurisdiction in
dismissing the petition.  *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United
States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947)).  For our part, we have

of his recent resentencing. App. 16. A district court's jurisdiction to consider a habeas petition is predicated on the petitioner being "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), (b)(1), where the "judgment" consists of both a final conviction and final sentence, *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007). *See also Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 224–25 (3d Cir. 2022) (explaining that "both a conviction and sentence are necessary to authorize a prisoner's confinement" and create a judgment for the purposes of a § 2254 petition). Morgan contends that the District Court erred in dismissing his petition as premature, because the ongoing resentencing proceedings concern only two of his counts of conviction and did not disturb the finality of the judgments on the remaining 215 counts on which he was convicted.

Resentencing necessarily affects the finality of a judgment on the counts for which a defendant is being resentenced, because "a vacatur of a sentence and order of a full remand cancels the original sentence and renders the defendant unsentenced until the district court imposes a new sentence." *United States v. Mitchell*, 38 F.4th 382, 388 (3d Cir. 2022); *see also id.* at 392 (Bibas, J., concurring) (explaining that vacatur of a sentence makes it "void from the start," as it had never been imposed). As long as the

jurisdiction under 28 U.S.C. §§ 1291 and 2253, both of which require a "final" order in the District Court. Here, although the District Court dismissed Morgan's petition "without prejudice to [his] filing a new habeas case," JA 16, the dismissal without prejudice possesses the finality necessary for it to be appealable because it definitively ended the case as far as the District Court is concerned and Morgan could not have cured the deficiency (prematurity) by amending his petition and refiling it in the same proceeding. *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949); *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002).

resentencing process is ongoing, then, a petitioner has no "final judgment" on those counts for habeas purposes.

But where, as here, a petitioner is convicted and sentenced for multiple counts, there are multiple "judgments"—each consisting of a conviction and sentence—that the petitioner may challenge in his habeas proceedings. *Lesko*, 34 F.4th at 225. The dates on which those judgments become "final" may therefore differ, and assessing finality, e.g., for the purposes of determining whether a habeas petition has been timely filed within the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A), must accordingly be done on a judgment-by-judgment basis. *See Turner v. Brown*, 845 F.3d 294, 297 (7th Cir. 2017) ("[T]he state may pursue convictions on as many crimes as it likes, and it may then seek as many judgments as it likes. AEDPA's one-year time limit will then run from each judgment."); *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004) (noting that AEDPA's limitations window must be assessed "on a claim-by-claim basis").

Morgan is correct that, under certain circumstances, where a petitioner has been resentenced on some, but not all, counts of a multi-count conviction, that resentencing creates a new final judgment and restarts the one-year limitations period for a habeas petition as to just those counts, while leaving the finality and associated limitations period undisturbed as to the unaffected counts. *See Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300 (3d Cir. 2019). Under other circumstances, however, the vacatur of specific counts of a petitioner's conviction may trigger "a *de novo* resentencing as to all counts of conviction . . . under the theory that the sentencing judge would 'craft a disposition in which the sentences on the various counts form part of an overall plan.'"

4

*Id.* (quoting *United States v. Miller*, 594 F.3d 172, 180 (3d Cir. 2010)). And a *de novo* resentencing creates new final judgments as to all counts, restarting AEDPA's one-year limitations period for each. *See, e.g.*, *Lesko*, 34 F.4th at 225 (noting that, as "anticipated in *Romansky*," where a petitioner "was resentenced as to all counts of his conviction," there were new final judgments as to all counts, and therefore the new habeas challenges were "not barred as second-or-successive").

Here, the transcript of Morgan's recent resentencing hearing on January 18, 2022, leaves no doubt he was resentenced *de novo* on all counts. The judge, to whom Morgan's resentencing proceedings had just been reassigned and who was considering his case for the first time, was explicit at the outset that his responsibility was to conduct "a full sentencing hearing and take into consideration all of the factors, including what, if anything, the defendant had done during the time he had been sentenced." SA 93. Accordingly, the prosecution and the defense argued over—and the judge duly considered—Morgan's aggregate sentence in light of all 217 counts of his conviction, the facts of the underlying case, and Morgan's mitigation evidence. **SA 89-92, 98, 101-04.** At the close of the hearing, Morgan was resentenced on each of the 217 counts, and those judgments are now on direct appeal, so they are not yet final. **SA 102-04; State Court Dkt. at 2, 403.**

Because Morgan does not have final judgments on any of his counts, he is not yet able to challenge them on habeas review. Once he does have new final judgments, the one-year limitations period will begin anew as to all of his counts and he may file a new

petition,[2] assuming he has exhausted his state court remedies.[3]  When Morgan filed his habeas petition with the District Court, however, he was not yet "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), as was required for the District Court to entertain his petition.  The District Court was therefore correct to dismiss his petition as premature.

## II.    CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] Morgan had argued on appeal for a stay-and-abeyance rather than a dismissal on the premise that his recent resentencing was limited to only two counts of conviction, such that dismissal would cause additional days to run against AEDPA's one-year limitation period on his remaining counts and, given Morgan's pro se status and the vagaries of the prison mail system, might effectively prevent him from refiling.  *See* **Blue Br. at 31-33.** But as even Morgan's counsel acknowledged at argument, if we concluded Morgan's resentencing was *de novo*, there will be new final judgments on all 217 counts when that process concludes, restarting the clock under AEDPA and allowing Morgan the full one-year period to seek habeas relief.  **Argument Audio at 23:15-24:20.**  As that is our conclusion, there is no good cause for a stay-and-abeyance.

[3] The Commonwealth expressly conceded at oral argument that Morgan has already exhausted the particular constitutional claims he is seeking to bring in his habeas petition. **Argument Audio at 19:40-19:52.**