Clarence WALKER, Petitioner,

v.

Thomas P. ROTH, Respondent.

No. 97–9127.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 2, 1997.*

Decided Dec. 24, 1997.**

Before BAUER, RIPPLE, Circuit Judges,
and BURNS, Senior District Judge.***

PER CURIAM.

The district court dismissed Clarence
Walker's petition for a writ of habeas corpus,
28 U.S.C. § 2254, on the ground that it was a
second or successive petition that could not
be filed without prior authorization from this
court. See, 28 U.S.C. § 2244. Mr. Walker
therefore filed an application for leave to file
a second or successive petition for habeas
relief in this court. We dismiss the applica-
tion as unnecessary, and instruct the district
court to accept Walker's petition.

In 1966, an Illinois jury convicted Walker
of rape, armed robbery and attempted mur-
der. The state court imposed an aggregate
sentence of 219 to 312 years' imprisonment.
In 1988, after exhausting his state court rem-
edies, Walker filed his first petition for a writ
of habeas corpus. The district court granted
Walker's petition after finding that the state
had violated Walker's due process rights at
sentencing. We affirmed. *United States ex
rel. Walker v. O'Leary*, 973 F.2d 521 (7th
Cir.1992). In November 1992, Walker was
resentenced.

* This application for leave to file a second or
successive collateral attack has been submitted to
the panel that decided the appeal in his first
collateral attack. See Operating Procedure 6(b).

** This opinion was released in typescript.

*** The Honorable James M. Burns, Senior Judge
of the United States District Court for the District
of Oregon, is sitting by designation.

 

In November 1996, Walker filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois, challenging various aspects of the resentencing hearing. The district court summarily dismissed the petition. Relying on *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996), the district court reasoned that this filing was Walker's second habeas petition, and concluded that it was without jurisdiction to hear the case absent authorization from this court. *See* 28 U.S.C. § 2244(b)(3)(A).

Walker then filed the application at issue here. He argues that the petition he wishes to file is not a second or successive collateral attack within the meaning of § 2244; rather, he argues, it is his first collateral attack on the second sentencing proceeding. He contends, therefore, that the prior-approval mechanism of § 2244 is inapplicable. We agree.

The claims Walker seeks to bring in his new petition challenge aspects of his resentencing; he does not present any claims challenging his conviction.[1] None of these new claims were raised in his first petition, nor could they have been; Walker is attempting to challenge the constitutionality of a proceeding which obviously occurred after he filed, and obtained relief, in his first habeas petition. Therefore, although Walker had filed an earlier habeas petition in 1988, the petition that he now wishes to file cannot be considered a second or successive petition to the earlier one for purposes of § 2244 because it constitutes Walker's first federal challenge to the proceedings that resulted in his current state custody. We hold that a second habeas petition attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition within the meaning of § 2244.

Because the petition Walker seeks to file is his first collateral attack on the resentencing proceedings, authorization from this court is unnecessary. Therefore, the application for authorization is DISMISSED. We instruct the district court to accept filing of Walker's petition for a writ of habeas corpus nunc pro tunc to the date he originally filed the petition. *See Batanic v. Immigration and Naturalization Serv.*, 12 F.3d 662, 667–68 (7th Cir.1993). We express no opinion on the procedural or substantive issues presented by this case.

APPLICATION PETITION DISMISSED; CASE REMANDED.

---

**1.** Of course, had Walker sought to challenge aspects of his conviction the district court would have been correct in dismissing his petition as successive. *Nunez,* 96 F.3d at 991.