151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mariano LETTIERI, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-3832.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 30, 1998.
Decided July 31, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 4370 Paul E. Plunkett, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 
 1
 Mariano Lettieri moved to vacate, correct, or modify his sentence pursuant to 28 U.S.C. § 2255. The district court dismissed the motion without prejudice under Nunez v. United States, 96 F.3d 990 (7th Cir.1996), for failure to seek leave from this court before filing a successive petition. The district court denied the request for a certificate of appealability, and Lettieri filed a notice of appeal. Subsequently, this court issued a jurisdictional order asking why the decision of the district court should not be summarily affirmed.
 
 
 2
 Lettieri contends that the motion at issue is not a second or successive collateral attack within the meaning of § 2255. Lettieri was convicted of conspiring to possess and distribute cocaine. After an unsuccessful direct appeal, Lettieri filed a § 2255 motion challenging the amount of drugs for which he was held responsible at sentencing. The district court granted the petition and resentenced Lettieri.
 
 
 3
 Lettieri then filed the § 2255 motion presently at issue, which raises only claims regarding the constitutionality of his resentencing. See Walker v. Roth, 133 F.3d 454, 455 (7th Cir.1997). Lettieri does not attempt to challenge his conviction. None of the claims in the present motion could have been raised in his first § 2255 motion because Lettieri only challenges the resentencing hearing which occurred after he filed, and obtained relief, in his first habeas petition. A second § 2255 motion that attacks, for the first time, the constitutionality of a newly imposed sentence is not a second or successive motion within the meaning of § 2255. Id.
 
 
 4
 Accordingly, we REMAND the case to the district court with instructions to accept Lettieri's motion nunc pro tunc to the date he originally filed the motion. We express no opinion on the procedural or substantive issues presented by this case.