# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 05-2644

WILLIAM E. HAWKINS,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 C 248—**William D. Stiehl**, *Judge.*

_____

No. 05-2795

WILLIAM E. HAWKINS,

*Applicant,*

v.

UNITED STATES OF AMERICA,

*Respondent.*

_____

Application for an Order Authorizing the
District Court to Entertain a Second or
Successive Motion for Collateral Review.

_____

SUBMITTED JUNE 20, 2005—DECIDED JULY 19, 2005

_____

Before RIPPLE, ROVNER and WOOD, *Circuit Judges*.

PER CURIAM.  In 1992, a jury convicted William Hawkins of conspiring to distribute illegal drugs, participating in a continuing criminal enterprise ("CCE"), and conspiring to violate the Travel Act. On appeal, the conspiracy conviction was vacated, *United States v. Hawkins*, No. 97-1346, 1998 WL 104627 (7th Cir. Mar. 5, 1998) (unpublished order), and Mr. Hawkins was ultimately sentenced to 383-months' imprisonment. This court then affirmed. *United States v. Hawkins*, No. 98-3504, 1999 WL 402414 (7th Cir. June 11, 1999) (unpublished order). During his first collateral proceedings, Mr. Hawkins attacked the CCE conviction under *Richardson v. United States*, 526 U.S. 813 (1999). The district court ultimately granted relief, albeit somewhat illusory relief: it vacated the CCE conviction, reinstated the conspiracy conviction, and resentenced Mr. Hawkins to 383 months in prison.[1]

Mr. Hawkins then filed the action at issue here: a second motion under 28 U.S.C. § 2255, in which he argued that the trial court violated his due process rights when it refused his request for a continuance, he was denied the right to appeal after his conspiracy conviction was reinstated, and his sentence for the conspiracy violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court held that Mr. Hawkins' motion was an unauthorized successive collateral attack over which it lacked jurisdiction absent appellate approval.

Mr. Hawkins appeals the district court's jurisdictional dismissal of his second § 2255 motion. No. 05-2644. Mr. Hawkins also filed an application pursuant to

---

[1]  Mr. Hawkins' litigation history is a Gordian knot; we discuss only that which is relevant to the current proceedings.

§ 2244(b)(3), seeking authorization to file the § 2255 motion that is the subject of appeal number 05-2644. No. 05-2795. The issue in both cases is whether Mr. Hawkins' claims are subject to the pre-approval mechanism of § 2255 ¶8 for successive collateral attacks.

*Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997), holds that "a second habeas [corpus] petition attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition within the meaning of § 2244." Mr. Hawkins' conspiracy conviction was vacated on direct review; it therefore was not the subject of his prior collateral attack. Further, it does not appear that, since the conspiracy conviction was reinstated, Mr. Hawkins has filed a collateral attack. Thus, the proposed attacks on the conspiracy conviction and sentence—namely that his right to appeal was violated and that the sentence violates *Apprendi*—are not subject to § 2244(b)(3). *See also Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001) ("Dahler received the same term of imprisonment, but it is clear in principle—and required by our holding in *Walker*—that he has one chance to wage a collateral attack (without needing appellate approval) challenging any constitutional errors made in that resentencing proceeding."). We note that, because Mr. Hawkins' conspiracy conviction was initially vacated on direct appeal, he could not have pursued claims against his sentence for that offense during his first collateral proceedings.

On the other hand, Mr. Hawkins' proposed due process claim attacks a trial decision made more than thirteen years ago and that certainly was available during his prior proceedings. Moreover, he does not advance any new evidence or new constitutional rules in support of the proposed claim and, thus, does not satisfy the criteria for authorization.

Accordingly, in case number 05-2644, we affirm the district court judgment as to Mr. Hawkins' due process claim; we vacate the district court judgment as to Mr. Hawkins' attack on the reinstated conspiracy conviction and sentence and remand the case for further proceedings. Additionally, in case number 05-2795, we deny as unnecessary Mr. Hawkins's application with respect to his proposed claims against the reinstated conspiracy conviction and sentence; we deny authorization of Mr. Hawkins' proposed due process claim.

A true Copy:

      Teste:

                _____
                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*