In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1592

DUANE E. TURNER,

*Petitioner-Appellant,*

*v.*

RICHARD BROWN,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:14-cv-00020-WTL-DKL — **William T. Lawrence**, *Judge.*

ARGUED OCTOBER 26, 2016 — DECIDED JANUARY 3, 2017

Before FLAUM, EASTERBROOK, and WILLIAMS, *Circuit Judges.*

FLAUM, *Circuit Judge.* Duane E. Turner has filed a petition for a writ of habeas corpus in federal court raising claims of ineffective assistance of counsel in challenging his sentence for murder. The district court denied his petition as untimely, concluding that the last day on which Turner could have filed his federal habeas petition was September 23, 1998, one year after his murder conviction and sentence became final. We

granted a certificate of appealability, asking the parties to address whether Turner's petition was timely filed under *Jimenez v. Quarterman*, 555 U.S. 113 (2009). For the reasons that follow, we affirm the district court's denial of the petition as untimely.

## I. Background

In 1995, a jury found Turner guilty of murder, criminal confinement, and class A felony attempted robbery resulting in serious bodily injury. Turner was sentenced on those counts to life imprisonment without parole, twenty years' imprisonment, and forty-five years' imprisonment, respectively. Turner appealed to the Indiana Supreme Court, which affirmed his convictions. He did not seek a writ of certiorari to the United States Supreme Court, and his opportunity to do so expired ninety days later, on September 22, 1997.

In 2000, Turner filed a pro se petition for post-conviction relief in state trial court. In 2011, the trial court dismissed all of Turner's claims for relief, and Turner appealed. The Indiana Court of Appeals affirmed in part and reversed in part, finding that Turner's counsel had been ineffective in failing to raise on appeal the double jeopardy issue of a single victim's death forming the basis of both the murder and attempted robbery with serious bodily injury convictions. The Court of Appeals remanded the case with instructions to reduce Turner's Class A felony robbery conviction to a Class B felony robbery conviction. On July 1, 2013, the trial court did so, and resentenced Turner on this count from forty-five years' to ten years' imprisonment. The 2013 order did not reference or alter Turner's other convictions or sentences for murder and criminal confinement.

On January 31, 2014, Turner filed a pro se petition for habeas relief in the Southern District of Indiana seeking resentencing on his murder conviction. Turner asserted two separate grounds for relief: (1) that his life sentence for murder was unconstitutional under *Apprendi*; and (2) that Turner had been denied effective assistance of counsel because his counsel during trial and appeal had made multiple errors that had prejudiced Turner's case. On February 4, 2014, the district court issued a sua sponte order requiring Turner to show that his petition for writ of habeas corpus was timely under 28 U.S.C. § 2244(d)(1)(A). In response, Turner argued, among other things, that he had not had access to a law library from 1997 to 2000, and that his case had been pending in state collateral review from 2000 to 2013. Respondent argued that the petition was untimely and lacked merit, and submitted an affidavit from a prison official challenging Turner's claim that he had lacked library access.

On February 18, 2014, the district court ruled that the deadline for Turner to file his habeas petition had expired on September 23, 1998, one year after the last day on which he could have filed a petition for writ of certiorari. The district court held that the state post-conviction relief process could not toll the federal deadline because Turner's time under The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) had expired before he had filed for post-conviction relief. As a result, the court denied the petition and dismissed it with prejudice as untimely, and without considering the merit of Turner's claims.

In March 2015, Turner filed a notice of appeal, and the district court denied Turner's request for a certificate of appealability on the ground that the appeal was not taken in good

faith. In April 2015, Turner attempted to appeal that decision but incorrectly filed his motion in the district court, which denied the motion and instructed him to re-file it in this Court if that was his intent. In May 2015, we issued a final order dismissing the appeal. In July 2015, Turner filed a pro se motion to recall the mandate, which we granted, vacating our earlier final order, and reinstating Turner's appeal. On December 3, 2015, we entered an order finding that Turner "has made a substantial showing of the denial of his right to effective assistance of counsel" pursuant to 28 U.S.C. § 2253(c), and instructing the parties to also address whether Turner's petition was timely filed under *Jimenez v. Quarterman*, 555 U.S. 113 (2009). We granted Turner a certificate of appealability and the right to proceed in forma pauperis, and appointed counsel to assist with the appeal.

## II. Discussion

AEDPA establishes a one-year time limitation for a state prisoner to file an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). That year runs from the latest of four specified dates, only one of which is relevant to this case: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

Turner contends that in his case, "the date on which the judgment became final" was altered by the state court's grant of relief and resentencing on the robbery count during collateral review. He argues that because the judgment that "became final in 1997 was … changed in 2013, … the date for calculating the timeliness of Turner's habeas petition changed with it." He relies on *Burton v. Stewart*, 549 U.S. 147 (2007), as confirming that the new judgment renders his petition timely.

There, the Supreme Court explained that AEDPA's one-year statute of limitations period does not begin until a petitioner's conviction *and* sentence become final "by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at 156–57.

At oral argument, Turner also relied on the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010). The petitioner in *Magwood* was sentenced to death for murder; and after the Alabama courts denied relief on direct appeal and in post-conviction proceedings, he filed a federal habeas petition challenging his conviction and death sentence. *Id.* at 323–26. The district court conditionally granted the writ as to the sentence, mandating that the petitioner either be released or resentenced. *Id.* at 326. The state trial court then conducted a resentencing hearing and again imposed a death sentence. *Id.* The petitioner filed another habeas petition challenging the new death sentence, and the district court again conditionally granted the writ, finding the new sentence constitutionally defective. *Id.* at 327–29. The Eleventh Circuit reversed, holding in relevant part that the second-in-time habeas petition was an unreviewable "second or successive" challenge to the death sentence under 28 U.S.C. § 2244(b), because the petitioner could have mounted the same challenge to his original death sentence. *Id.* at 329. The Supreme Court reversed, holding that because the petitioner's habeas application challenged his new death sentence—an intervening judgment— for the first time, it was not "second or successive." *Id.* at 331, 342. The Court declined to address whether a petitioner who obtained a conditional writ as to his sentence could then file a subsequent application challenging not only his new sentence but also his original, undisturbed conviction. *Id.* at 342.

Just as the intervening sentence in *Magwood* reset the ha-
beas counter for purposes of counting the number of peti-
tions, Turner contends that his 2013 resentencing reset the
clock for calculating AEDPA's statute of limitations. The prob-
lem with Turner's position, however, is that the relief he was
granted in 2013 was limited to his *robbery* conviction, whereas
his habeas petition challenges his conviction and life sentence
for *murder*. Thus, the judgment that is relevant for purposes
of his present petition is the one from 1995, and the clock has
long since run out on this habeas petition.

When confronted with this issue at oral argument, Turner
pointed to *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), and
claimed that because AEDPA speaks of only one judgment,
his resentencing on his robbery conviction ought to have re-
started the clock on his judgment as a whole. In *Pace*, the Su-
preme Court observed in a footnote that § 2244(d)(1) "pro-
vides one means of calculating the limitation with regard to
the application as a whole, § 2244(d)(1)(A) (date of final judg-
ment), but three others that require claim-by-claim consider-
ation,      § 2244(d)(1)(B)      (governmental      interference);
§ 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D)
(new factual predicate)." 544 U.S. at 416 n.6 (internal quota-
tion marks omitted). Turner presumably interpreted the
Court's explanation of § 2244(d)(1)(A) to mean that there
could only be one judgment from which AEDPA's statute of
limitations could be calculated. *Pace*, however, referred only
to one whole "application," not to one whole judgment. *See
id.* As Turner's case evidences, the state may pursue convic-
tions on as many crimes as it likes, and it may then seek as
many judgments as it likes. AEDPA's one-year time limit will
then run from each judgment. Turner's 2013 resentencing led
the state to enter another judgment, but the timeliness of his

habeas petition is calculated based on the date of the final judgment that his petition challenges—that is, his 1995 judgment for murder. To hold otherwise would allow appellate review of each and every one of Turner's convictions and sentences when the state only resentenced him on robbery, and would clearly undermine the finality of the state court's 1995 decision. *Cf. Fielder v. Varner*, 379 F.3d 113, 119–20 (3d Cir. 2004) (Alito, J.) (concluding that Congress could not have wanted to "permit[] a late-accruing federal habeas claim [e.g., under subsections (C) or (D) of § 2244(d)(1)] to open the door for the assertion of other claims that had become time-barred years earlier"); *Davis v. United States*, 817 F.3d 319, 328 (7th Cir. 2016) ("The simple fact that Davis might have one timely claim to make … based on a Supreme Court precedent issued years after his conviction otherwise became final does not allow him to tack on additional, otherwise untimely claims to that one timely claim.").* While Turner is correct that the state court disturbed the finality of its own judgment through resentencing, it only did so with respect to his robbery conviction. Turner's murder conviction and sentence were entered two decades ago and were never altered or amended.

Indeed, the *Magwood* Court noted that several federal appellate courts, ours included, have held that "a petitioner who succeeds on a first habeas application and is resentenced may

---

\* This concern is especially apt in the case at hand, because Indiana does not set a time limit for filing a petition for post-conviction relief after direct appeal is concluded. *See* Ind. R. P.C. Rem. § 1(b). Under Turner's proposed outcome, petitioners in Indiana—or other states without time limits for post-conviction petitions—could challenge one of their sentences or convictions decades after the fact, and if they obtained any relief or resentencing, they would be able to retroactively revive previously time-barred federal habeas claims.

challenge only the portion of a judgment that arose as a result of a previous successful action.'" 561 U.S. at 342 n.16 (citations omitted). For example, in *Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997), we held that a habeas petition attacking for the first time the constitutionality of a newly imposed sentence was not "second or successive," *id.* at 455, but also noted that "had Walker sought to challenge aspects of his conviction [as opposed to his new sentence,] the district court would have been correct in dismissing his petition as successive." *Id.* at 455 n.1 (citation omitted); *see also Esposito v. United States*, 135 F.3d 111, 113 (2d Cir. 1997) (holding that petitioner's § 2255 petition was a "second" petition even though his first petition successfully amended his terms of supervised release, "because the later petition raised no challenge to the new supervised release term and concerned instead the conviction and the components of his sentence that were not amended"); *Lang v. United States*, 474 F.3d 348, 351–52 (6th Cir. 2007) (holding that later petition challenging "a judgment *or portion of a judgment* that arose as a result of a previous successful action" was not second or successive) (emphasis added). Further, in *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001), we adopted our dicta from *Walker* in holding that the petitioner was barred from challenging in a second habeas petition an alleged constitutional error that had not been introduced by his resentencing and could have been raised before resentencing. *Id.* at 764–65. This remains the law of the Circuit post-*Magwood*. In *Suggs v. United States*, 705 F.3d 279 (7th Cir. 2013), we again confronted the issue of whether a second-in-time habeas petition is barred as "second or successive" when the petitioner has been resentenced pursuant to a successful first motion, and the new motion challenges only the underlying conviction and not the resentencing. We acknowledged that the

*Magwood* Court had left this question open, and then concluded that under our Circuit's precedent, *see, e.g.*, *Dahler*, 259 F.3d at 765, such a second motion was barred as "second or successive." *Id.* at 284.

Under the same reasoning, although a challenge to Turner's robbery conviction may be timely, the challenge to his sentence for murder is not. His murder conviction and life sentence were unaffected by the 2013 resentencing and thus remained final. Turner's argument under *Jimenez* is of no avail, as the Supreme Court explicitly limited its decision in that case to situations where state courts grant a defendant the right to file an out-of-time direct appeal, which is not the case for Turner. *See Jimenez*, 555 U.S. at 121 ("Our decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."). Moreover, the petitioner in *Jimenez* had been convicted and sentenced only for burglary; thus, the out-of-time direct appeal was not limited to a certain count or conviction. *See id.* at 115. Turner's reliance on *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007), a pre-*Magwood* case, and the dissent from our decision to deny rehearing en banc in *Griffith v. Rednour*, 623 F.3d 1166 (7th Cir. 2010) (Hamilton, J., dissenting), is misplaced for the same reason.

As the petition is time-barred, we need not address the merits of Turner's ineffective-assistance claims.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of the petition for a writ of habeas corpus.